JAMES McGONEGAL vs. A. WILLIAM SMITH AND JOHANNAH SMITH.

MOTION to allow an appeal from Justice's Court after five days from rendition of judgment will be denied unless it appear that the party applying for the order was prevented from taking his appeal sooner by circumstances not under his control.

*Wayne County Circuit, January,* 1870.

For motion, *S. Larned* and *F. A. Baker.*

Contra, *H. M. Cheever.*

*By the Court,* PATCHIN, J.—This is a motion by defendants for an order allowing an appeal from a judgment rendered by a Justice of the Peace after the expiration of the five days allowed for appeal by statute. *C. L.* § 3842. The statute gives the Circuit Court power to allow an appeal after the expiration of the time when the party making the appeal has been prevented from taking the same by circumstances not under his control.

Affidavits have been filed in support of and in opposition to the motion, by which it appears that both parties were present in the Justice's Court at the return day, and the pleadings were put in and the case adjourned to another day, at which time the defendants appeared and demanded a nonsuit, which was refused by the Justice, when A. W. Smith, one of the defendants, left, and his wife, the other defendant, remained. Five minutes after the time the plaintiff came in, claiming that by his watch it was not past time, when the Justice set the case for two P. M. of that day, and plaintiff left, after which the defendant A. W. Smith came back, and, as he swears, was directed by the Justice to see plaintiff and make some arrangement when the case should be heard. The Justice swears he told defendants the case was set for two P. M., whereupon the defendants left and

paid no more attention to the case, and knew nothing of it until execution was issued on the judgment and the five days had expired.

It is clear the statute does not contemplate giving the power to the Circuit Court to allow an appeal unless it should appear to the satisfaction of the Court that the party making the appeal has been prevented by circumstances not under his control. If the testimony of the Justice be correct, the defendants are clearly not entitled to any relief. If the testimony of the defendant be true and he had understood his legal rights as he was bound to, it was certainly in his power to ascertain the condition of the suit, and it was his duty so to do, and having failed in his duty in that regard, the Court has no power to interfere. The motion must, therefore, be denied, with costs.